**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

DONALD F. PARSONS, JR.
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: April 6, 2015
Date Decided: April 27, 2015

Diane J. Bartels, Esq.
Brandywine Village
1807 North Market Street
Wilmington, DE 19802-4810

Norman M. Monhait, Esq.
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801

Kevin A. Guerke, Esq.
Seitz Van Ogtrop & Green P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Christopher Viceconte, Esq.
Gibbons P.C.
1000 N. West Street, Suite 1200
Wilmington, DE 19801

Malcolm C. Cochran, Esq.
Chad M. Shandler, Esq.
Christine Haynes, Esq.
Blake Rohrbacher, Esq.
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

John D. McLaughlin, Jr., Esq.
Ciardi Ciardi & Astin
919 North Market Street, Suite 700
Wilmington, DE 19801

RE:  *The Honorable Karen Weldin Stewart, CIR-ML, Insurance Commissioner
v. Wilmington Trust SP Services, Inc., et al.*
Civil Action No. 9306-VCP

Dear Counsel:

In an opinion dated March 26, 2015, I granted in part and denied in part motions to

dismiss filed by certain Defendants in this action (the "Opinion").[1]  Specifically, I ruled

---

[1]  *Stewart v. Wilm. Trust SP Servs., Inc.*, 2015 WL 1396382, at *1 (Del. Ch. Mar. 26, 2015) [hereinafter "Op."].

that: (1) Delaware law governed all of the claims at issue in the Opinion;[2] (2) the

Receiver's[3] claims were not barred by laches;[4] (3) the Receiver failed to state claims for

breach of fiduciary duty against Wilmington Trust and the Auditor Defendants;[5] (4) the

Receiver stated a claim for breach of fiduciary duty against Defendant Kantner;[6] (5) the

*in pari delicto* defense applied to bar the Receiver's breach of contract and negligence

claims against Wilmington Trust and the Auditor Defendants;[7] and (6) the Receiver

stated claims against Wilmington Trust and Johnson Lambert, but not Kantner or

McSoley McCoy, for aiding and abetting a breach of fiduciary duty.[8]

On April 6, 2015, the Receiver timely applied for certification of an interlocutory

appeal from the Opinion and associated order pursuant to Court of Chancery Rule 72 and

---

[2]     Op. at *11-12.

[3]     Plaintiff in this action is the Honorable Karen Weldin Stewart, Insurance Commissioner of the State of Delaware, who has asserted claims in her capacity as Receiver in liquidation of four Delaware-domiciled captive insurance companies. Unless otherwise noted capitalized terms in this letter opinion, such as "Auditor Defendants," are defined as stated in the Opinion.

[4]     Op. at *13-15.

[5]     *Id*. at *16-17.

[6]     *Id*. at *18-19.

[7]     *Id*. at *24-33.

[8]     *Id*. at *34-35.

Supreme Court Rules 41 and 42 (the "Application"). The Receiver contends that, in addition to determining a substantial issue and establishing a legal right, the Opinion decided a question of law of first instance in Delaware. In particular, she asserts that an issue decided in the Opinion, *i.e.,* whether "*in pari delicto* [should] apply to the Receiver's claims against Wilmington Trust and the Auditor Defendants,"[9] never before had been addressed under Delaware law in the "unique context of insurance insolvency proceedings."[10] The Receiver further contends that the Opinion implicates an unsettled question of law because it construes or applies a Delaware statute—the Delaware Uniform Insurers Liquidation Act[11]—in a way that has not been settled by the Delaware Supreme Court.

Defendant Johnson Lambert timely filed an opposition to the Receiver's Application (the "Opposition").[12] It argues that the Opinion did not determine a substantial issue or establish a legal right. The Opposition further contends that the Opinion did not decide an original question of law, but rather applied established legal doctrine to a particular set of facts. Finally, according to the Opposition, the Opinion

---

[9]     *Id.* at *24.

[10]     Appl. 8.

[11]     18 *Del. C.* §§ 5901 to 5944 [hereinafter the "DUILA"].

[12]     Defendant McSoley McCoy joined in the Opposition.

does not involve an unsettled application of the DUILA, but merely embodies a narrow ruling that certain of the Receiver's claims were subject to the recognized doctrine of *in pari delicto*. Defendants Wilmington Trust and Kantner (together with Johnson Lambert and McSoley McCoy, "Respondents") also joined in the Opposition. In their submission, Wilmington Trust and Kantner advanced the additional argument that interlocutory review is inappropriate here because the Opinion was not case dispositive, and as a result, certifying the proposed appeal would undermine the efficient administration of justice.

For the reasons set forth below, I find that the Opinion did determine a substantial issue, establish a legal right, and address a legal question of first impression in Delaware. Thus, I conclude that it would be appropriate to grant the Receiver leave to file an interlocutory appeal.

## I.     STANDARD

Under Supreme Court Rule 42, "No interlocutory appeal will be certified by the trial court or accepted by [the Supreme] Court unless the order of the trial court determines a substantial issue, establishes a legal right," and meets one or more of five additional criteria enumerated in Rule 42(b)(i)-(v).[13] As relevant here, one of those additional criteria is that the interlocutory appeal would satisfy "[a]ny of the criteria

---

[13]     Del. Supr. Ct. R. 42(b).

applicable to proceedings for certification of questions of law set forth in Rule 41."[14]  In this regard, Rule 41 provides, in pertinent part, that certification of questions of law will be accepted in the Supreme Court's discretion "only where there exist important and urgent reasons for an immediate determination by [the Supreme] Court of the questions certified."[15]  Among the illustrative reasons for which the Court might exercise its discretion to accept certification are that the appeal presents an original question of law, or a question of law relating to the constitutionality, construction, or application of a statute of this State which has not been, but should be, settled by the Supreme Court.[16]

## II.    ANALYSIS

### A.    Substantial Issue

"An order satisfies the substantial issue requirement when it decides a main question of law relating to the merits of the case, as opposed to some collateral matter, such as a discovery dispute."[17]  The Opinion at issue here did decide issues relating to the merits of this case.  The Receiver's Complaint contains twelve counts; each charges a

---

[14]    *Id*. R. 42(b)(i).

[15]    *Id*. R. 41(b).

[16]    *Id*.

[17]    *Pontone v. Milso Indus. Corp.*, 2014 WL 4967228, at *2 (Del. Ch. Oct. 6, 2014) (citing *Castaldo v. Pittsburgh-Des Moines Steel Co.*, 301 A.2d 87, 87 (Del. 1973)).

Defendant or multiple Defendants with liability under a particular legal theory (*i.e.*, breach of fiduciary duty, breach of contract, negligence, or aiding and abetting a breach of fiduciary duty). Although not every Defendant moved for dismissal, the Opinion ruled, at least partially, on the legal sufficiency of all twelve counts as to anywhere from one to four Defendants on each count.[18] The particular issue the Receiver most clearly seeks to appeal—whether, under Delaware law, *in pari delicto* bars her claims, acting under the DUILA, against Wilmington Trust and the Auditor Defendants—was for those Defendants determinative as to eight of the Complaint's twelve counts.[19] Thus, the Opinion "address[ed] and resolve[d] one or more substantive legal issues between the parties,"[20] and cannot be said to have been concerned with "collateral issues" like discovery matters.

In arguing for a contrary conclusion, Respondents contend that an interlocutory appeal will result in piecemeal litigation. Specifically, they assert that some issues not decided by the Opinion may be subject to later appeal by Respondents, and that, regardless of the Supreme Court's decision to affirm or reverse the challenged portions of

---

[18]    Op. at *35.

[19]    *Id.*

[20]    DONALD J. WOLFE, JR. & MICHAEL A. PITTENGER, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14-04[a], at 14-7 (2014) [hereinafter WOLFE & PITTENGER].

the Opinion and resulting order, this litigation will continue as to at least some claims against some Defendants. This contention elides the proper inquiry. The "substantial issue" requirement is oriented toward the "efficient operation of our system,"[21] but the primary consideration is whether the decision from which a party seeks to appeal is a decision relating to the merits of the case, or to second-order litigation issues like discovery disputes. The Opinion ruled on the legal merits of several—indeed, most of— the claims at issue in this action as to the four Respondents.[22] Whether or not the

---

[21] *Castaldo*, 301 A.2d at 87. In that regard, I question Respondents' contention that the requested interlocutory appeal would be inefficient. In my view, the efficient disposition of this action could be furthered by interlocutory review. The majority of the Receiver's claims were dismissed based on the decisions in the Opinion, some of which, as I discuss below, arguably involve issues of first impression under Delaware law. As to the Moving Defendants, McSoley McCoy is no longer in the case, as each claim against it was dismissed. Johnson Lambert and Wilmington Trust now are subject only to claims for aiding and abetting breaches of fiduciary duty, because the claims against them for breach of contract, negligence, and breach of fiduciary duty were dismissed. If the Receiver's remaining claims were reduced to a final judgment, and the Supreme Court were to reverse the Opinion's ruling as to *in pari delicto* in a post-trial appeal, new discovery probably would be required and a new trial would have to be held to adjudicate substantially different claims (for breach of contract and negligence against Wilmington Trust and the Auditor Defendants) that I held were precluded by *in pari delicto*. *See* Op. at *32 n.225.

[22] The Receiver voluntarily dismissed claims against one Defendant, and in a previous oral ruling and order, which is not subject to the pending Application, I dismissed the claims as to two other Defendants. In addition to those former Defendants and the Respondents here, the Complaint asserts claims against three additional Defendants, all of which remain pending.

efficient administration of justice would be served by accepting this interlocutory appeal ultimately is for the Supreme Court to decide. I am convinced, however, that the substantial issue requirement of Rule 42 has been met.

### B.      Legal Right

For purposes of appealability under Rule 42, "A legal right is established when a court determines an issue essential to the positions of the parties regarding the merits of the case, *i.e.,* 'where one of the parties' rights has been enhanced or diminished as a result of the order.'"[23] Thus, a decision at the pleadings stage, which merely allows the case to proceed to trial, generally does not "establish a legal right" between the parties.[24] Nevertheless, the Supreme Court has recognized that some such decisions "so substantively affect the merits of a case or change the status of the parties that they will be appealable."[25]

I consider the Opinion to be such a decision. The Opinion dismissed Counts 1 through 10 of the Complaint entirely, and dismissed Counts 11 and 12 in part as they

---

[23]      *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) (quoting WOLFE & PITTENGER § 14-4(b) (2008)).

[24]      *Levinson v. Conlon*, 385 A.2d 717, 720 (Del. 1978).

[25]      *Id.*

related to certain of the Moving Defendants.[26]  The challenged decision as to *in pari delicto*, specifically, barred the Receiver from collecting damages on her claims for breach of contract and negligence against Johnson Lambert, McSoley McCoy, and Wilmington Trust.  The diminished position of the Receiver in terms of potentially prevailing on the merits of those aspects of her case inversely corresponds with an enhanced position of the Moving Defendants, as those Defendants no longer face a risk of liability as to those claims, other than the risk that the Receiver might prevail on appeal.  Thus, I conclude that the portions of the Opinion the Receiver seeks to appeal so substantively affected the merits of the case that her Application satisfies the "legal right" element of Rule 42.

### C.      Additional Rule 42(b) Criteria

In addition to determining a substantial issue and establishing a legal right, an order also must meet one of five criteria enumerated in Supreme Court Rule 42(b)(i)-(v) to be certified for interlocutory appeal.  The Receiver contends that here she meets the requirement of Rule 42(b)(i), which incorporates Rule 41's guidance on certified questions of law.  I agree.  The Receiver frames the question she seeks to appeal as follows: "whether '*in pari delicto* [should] apply to the Receiver's claims against

---

[26]      Op. at \*35.

Wilmington Trust and the Auditor Defendants?'"[27]  This question arguably implicates the considerations referred to in Supreme Court Rule 41 in two ways.

First, the aspects of the Opinion that the Receiver seeks to appeal do implicate an "original question of law" insofar as, among the decisions in Delaware that have applied the doctrine of *in pari delicto*, no previous decision had applied that doctrine to defendants such as Wilmington Trust and the Auditor Defendants[28] in the context of an insurer insolvency proceeding under the DUILA.  As discussed in the Opinion, the Insurance Commissioner's responsibility for regulating Delaware's insurance market and facilitating the orderly disposition of insolvent insurers touches on important public policy goals, and her statutory authority in this regard is correspondingly broad.  Thus, the Receiver arguably is sufficiently different from other plaintiffs against whom the *in pari delicto* defense might be raised, such as a stockholder pursuing a derivative claim,

---

[27]    Appl. 8 (quoting Op. at *24).

[28]    The Receiver's Application does not emphasize the "auditor exception" aspect of the Opinion's *in pari delicto* ruling, but appears broad enough to encompass it. Rather, the Application focuses on the fact that the Opinion applied that doctrine in the particular context of insurer insolvency proceedings.  As I discussed in the Opinion, the question of whether to recognize an "auditor exception" to *in pari delicto* is one that other states have considered and answered in different ways, and arguably presents an original question of Delaware law.  *See* Op. at *21-23, *29-33; *see also, e.g.*, Arg. Tr. 34-37 (Counsel for McSoley McCoy: "Delaware has not, to this point, ruled on the existence under Delaware law of an auditor exception [to *in pari delicto*].").

that the question here is one of first impression in Delaware. Thus, I find that certification of the Application is proper on that basis.

Second, the Receiver's proposed appeal could be viewed as involving an unsettled question of the application or construction of a Delaware statute under Rule 42(b)(iii). As the Receiver notes in her Application, "insurance insolvency proceedings are creatures of state law."[29] The question of whether the policies embodied in the DUILA and the Insurance Code generally should trump the public policies underlying the doctrine of *in pari delicto* implicates the insurance statutes in important ways. The Supreme Court has not addressed whether *in pari delicto* can be raised against the Commissioner when she is acting as receiver for Delaware-domiciled insurance companies liquidated pursuant to the DUILA, and, as of now, neither has the General Assembly.[30] Thus, I consider this an unsettled issue of statutory construction or

---

[29]    Appl. 10; *see also id*. at 10-12.

[30]    *But see* S.B. 48, 148th Gen. Assemb., Reg. Sess. (Del. 2015) (proposing, *inter alia*, to add as a new section 18 *Del. C.* § 5935, which provides in part that, "Subject to Subsection (2)(b) of this section, a prior wrongful or negligent action of any present or former officer, manager, director, trustee, owner, employee, or agent of the insurer may not be asserted as a defense to a claim by the receiver: (i) under a theory of: (A) estoppel; (B) comparative fault; (C) intervening cause; (D) proximate cause; (E) reliance; (F) unclean hands; (G) in pari delicto; or (F) mitigation of damages; or (ii) otherwise."). I express no opinion on the merits of Senate Bill 48, but cite it as further evidence of the unsettled nature of this particular aspect of the DUILA.

application, and conclude that certification of the Application would be proper on that basis as well.

### III.    CONCLUSION

For the foregoing reasons, I find that the Receiver's Application satisfies Court of Chancery Rule 72 and Supreme Court Rules 41 and 42. The Receiver has demonstrated that this Court's Opinion determined a substantial issue, established a legal right, and met at least one of the requisite criteria in Rule 42(b). I therefore certify the interlocutory appeal requested in the Application. An appropriate form of order is being entered with this letter opinion.

Sincerely,

*/s/ Donald F. Parsons, Jr.*

Donald F. Parsons, Jr.
Vice Chancellor

DFP/ptp