Ellanetta CASTALDO, as widow of Charles J. Castaldo, and as Administratrix of the Estate of Charles J. Castaldo, Deceased, Plaintiffs Below, Appellants,

v.

PITTSBURGH–DES MOINES STEEL COM-PANY, INC., a Pennsylvania corporation, Defendant Below, Appellee.

Supreme Court of Delaware.

Jan. 16, 1973.

William E. Taylor, Jr., Wilmington, for plaintiffs below, appellants.

F. Alton Tybout and Stephen P. Casarino, of Tybout, Redfearn & Schnee, Wilmington, for defendant below, appellee.

Before CAREY and HERRMANN, Associate Justices, and SHORT, Vice Chancellor.

HERRMANN, Justice:

In this negligence action, the plaintiffs served interrogatories upon the defendant as part of their discovery. The defendant incorrectly answered certain of the interrogatories. This, according to the plaintiffs, resulted in useless action on the plaintiffs' side of the case and substantial loss of time and money by the plaintiffs and their counsel. The plaintiffs thereupon moved for an immediate allowance of costs, including reasonable counsel fees, to compensate them for the alleged undue waste. The Superior Court denied the motion and this appeal followed.

This case has not been tried or otherwise finally decided upon its merits. The question is whether the interlocutory order involved is appealable. We think not.

The oft-repeated test of the appealability of an interlocutory order is that it must determine a substantial issue and establish a legal right. Generally speaking, the substantive element of the appealability of an interlocutory order must relate to the merits of the case, not to matters of discovery. Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park, Del.Supr., 261 A.2d 520 (1969). This is essential to the limitation of appeals and the avoidance of fragmentation of cases necessary to the

efficient operation of our system. See Lummus Company v. Air Products and Chemicals, Inc., Del.Supr., 243 A.2d 718 (1968).

■ There was no showing here that the expenditures involved were so "burdensome" or "disproportionate" as to be violative of due process within the *Pepsico* exceptions.

This case was filed in 1968; it should be moved along to final judgment without further delay. If the plaintiffs have been wronged by the ruling of which they here complain, they may have review after final judgment, even if successful, upon application for assessment of the subject expenditures as reimbursable costs of the case.

Appeal dismissed.