**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

DONALD F. PARSONS, JR.
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: September 15, 2014
Date Decided: October 6, 2014

Philip A. Rovner, Esq.
Jonathan A. Choa, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

Brian M. Rostocki, Esq.
Reed Smith LLP
1201 N. Market St., Suite 1500
Wilmington, DE 19801

RE:   *Harry Pontone v. Milso Industries Corporation, et al.*
      Civil Action No. 7615-VCP

Dear Counsel:

This is an advancement proceeding based on related litigation in

Pennsylvania.  On May 29, 2014, this Court issued a memorandum opinion (the

"Exceptions Opinion") addressing the exceptions of defendant Milso Industries

Corporation ("Milso") to the Second Report of the Special Master on a number of

disputed advancement issues.[1]  The Court rejected most of Milso's arguments, but

partially agreed with Milso that for fees and expenses relating to counterclaims to

---

[1]   *Pontone v. Milso Indus. Corp.*, 2014 WL 2439973 (Del. Ch. May 29, 2014)
      ("Exceptions Op.").

be advanceable, the counterclaim must be compulsory. As a result, the Court held that two of the counterclaims asserted by the plaintiff, Harry Pontone ("Pontone"), in the Pennsylvania litigation and deemed advanceable by the Special Master, in fact were not advanceable. Pontone timely sought reargument on the Exceptions Opinion. On September 3, 2014, the Court denied Pontone's motion for reargument (the "Reargument Opinion").[2]

On September 15, each side moved for certification of an interlocutory appeal.[3] On September 25, both parties timely opposed the other side's motion.[4] For the reasons set forth below, the Court grants both motions and certifies this matter for an interlocutory appeal.

## I.    Contentions of the Parties

In resolving the issues presented in the Exceptions Opinion, this Court analyzed the Delaware Supreme Court's decision in *Citadel Holding Corp. v.*

---

[2]    *Pontone v. Milso Indus. Corp.*, 2014 WL 4352341 (Del. Ch. Sept. 3, 2014) ("Rearg. Op.").

[3]    Mot. for Certification of Interlocutory Appeal ("Pl.'s Mot."); Def. Milso Indus. Corp.'s Mot. for Certification of an Interlocutory Appeal ("Def.'s Mot.").

[4]    These documents are cited as Defendant's Opposition ("Def.'s Opp'n") and Plaintiff's Opposition ("Pl.'s Opp'n"), respectively.

*Roven*.[5] The Exceptions Opinion found that *Roven* established a two-pronged test for determining whether counterclaims asserted by a party seeking advancement are "in defense" of the affirmative claims and thus advanceable: (1) the counterclaims must be "necessarily part of the same dispute" as the affirmative claims; and (2) the counterclaims must be "advanced to defeat, or offset" those affirmative claims.[6] Both sides contend that, in different ways, the Court erred in interpreting *Roven*. Pontone seeks certification as to the first prong of the identified test; Milso seeks certification as to the second prong.

Both sides set forth similar arguments in support of certification. Each side asserted that, for their client, the Exceptions Opinion decided a substantial issue, determined a legal right, and satisfied the same two sub-criteria for certification specified under Supreme Court Rule 42(b)(i)-(v). In opposition, Pontone contends that Milso fails to meet any of the Rule 42 criteria. Milso, for its part, opposes Pontone's request for certification, arguing that he has failed to meet any of the sub-criteria under Rule 42(b)(i)-(v). Interestingly, each side alleges that it has satisfied Rule 42(b)(i) via Rule 41(b)(ii): conflicting trial court decisions on the

---

[5]     603 A.2d 818 (Del. 1992).

[6]     *Id.* at 824.

issue. Both parties, however, deny the existence of a jurisprudential split as to the *Roven* prong on which their opponent seeks certification. At the risk of oversimplification, Pontone contends that there are a series of errant Court of Chancery decisions on prong one, but not on prong two, while Milso avers that the cases conflict on prong two, but not on prong one.

## II. Rule 42 Requirements

Supreme Court Rule 42 governs interlocutory appeals. Under Rule 42(b), to meet the criteria for an interlocutory appeal the opinion of the trial court must: (a) determine a substantial issue; (b) establish a legal right; and (c) meet at least one of the five additional sub-criteria enumerated in Rule 42(b)(i)-(v). "Applications for interlocutory review are addressed to the sound discretion of [the Supreme] Court and are granted only in exceptional circumstances."[7] One factor the Supreme Court may consider in exercising its discretion is the opinion of the trial court.[8]

### A. Substantial Issue

An order satisfies the substantial issue requirement when it decides a main question of law relating to the merits of the case, as opposed to some collateral

---

[7] *State Farm Mut. Auto. Ins. Co. v. Patterson*, 2008 WL 5008565, at *1 (Del. Nov. 26, 2008).

[8] Del. Supr. Ct. R. 42(d)(v).

matter, such as a discovery dispute.[9]  Pontone spends approximately forty percent of his opposition arguing that Milso has failed to establish the existence of a "substantial issue."  In this regard, Pontone misinterprets the standard.  The focus is not on the merits of Milso's legal argument, but rather on whether the trial court's order determined a substantial issue.[10]  This case involves advancement issues.  The Exceptions Opinion made a determination about a disputed and uncertain legal question pertaining to the propriety of Pontone's advancement requests.  I conclude, therefore, that the substantial issue criterion is met in the case of both Pontone's and Milso's requests for certification.

## B.      Legal Right

"A legal right is established when a court determines an issue essential to the positions of the parties regarding the merits of the case, *i.e.*, 'where one of the

---

[9]     *See, e.g.*, *In re CNX Gas Corp. S'holders Litig.*, 2010 WL 2705147, at *13 (Del. Ch. July 5, 2010) ("An interlocutory ruling determines a 'substantial legal issue' for purposes of Rule 42(b) if it 'relate[s] to the merits of the case,' not to collateral matters such as discovery.") (quoting *Castaldo v. Pittsburgh-Des Moines Steel Co.*, 301 A.2d 87, 87 (Del. 1983)); *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. Sept. 26, 2007) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.").

[10]     "No interlocutory appeals will be . . . accepted by this Court unless the *order of the trial court* determines a substantial issue . . . " Del. Sup. Ct. R. 42(b) (emphasis added).

parties' rights has been enhanced or diminished as a result of the order.'"[11] Pontone argues that the Exceptions Opinion did not establish a legal right because Milso's bylaws require Milso to advance Pontone's fees; thus, Pontone contends that the legal obligation to advance Pontone's fees existed all along and the Exceptions Opinion did not affect that obligation. The Court rejects this argument. Increasing or decreasing the parties' obligations with respect to the contested issue—advancement of fees—establishes a legal right. The parties disputed the extent of Milso's advancement obligation. Depending on whether viewed through the eyes of Milso or Pontone, the legal obligation to advance fees and the legal right to receive advancement was either expanded or diminished by the Exceptions Opinion. In either case, the legal right criterion is satisfied.

### C.    The Five Additional Criteria

Not infrequently, a party's sole legitimate basis for proceeding on an interlocutory appeal will be Rule 42(b)(i). In such a case, even if a party satisfies factors (a) and (b) described above, it also must meet the requirements for certification of a question of law under Supreme Court Rule 41. Rule 41(b)

---

[11]    *Sprint Nextel*, 2008 WL 2861717, at *1 (quoting Donald J. Wolfe, Jr. & Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14-4(b) (2008)).

requires a showing, with particularity, of the "important and urgent reasons for an immediate determination" by the Delaware Supreme Court. Illustrative reasons are set forth in Rule 41(b)(i)-(iii). Here, the parties rely on Rule 41(b)(ii), which recognizes that one reason for certification is that: "The decisions of the trial courts are conflicting upon the question of law."

The Exceptions Opinion addressed both prongs of the *Roven* test.[12] As to the first prong, the Exceptions Opinion stated that "Delaware courts repeatedly have held that the baseline requirement for a counterclaim to be advanceable is that it qualify as compulsory."[13] As to the second prong, the Exceptions Opinion rejected Milso's argument favoring a more narrow understanding of the standard for finding counterclaims advanceable.[14] Both parties primarily dispute the meaning of a decision by Chief Justice Strine, then writing as a Vice Chancellor, in *Zaman v. Amedeo Holdings, Inc.*[15] For his part, Pontone argues the Supreme Court's decision in *Roven* never required that counterclaims be compulsory to be advanceable. Instead, he asserts that *Zaman* "grafted onto the controlling standard

---

[12]    Exceptions Op. at *3-7

[13]    *Id.* at *4.

[14]    *Id.* at *4-7.

[15]    2008 WL 2168397 (Del. Ch. May 23, 2008).

enunciated in *Roven* a new 'compulsory counterclaim' requirement."[16] *Zaman*'s holding, according to Pontone, "appears to have been influenced by the Supreme Court's cursory analysis of Roven's counterclaims."[17] Milso, on the other hand, interprets *Zaman* as applying a narrower standard for the advancement of counterclaims. Milso also characterizes *Zaman* as part of a larger chain of purportedly conflicting Court of Chancery opinions[18] that collectively provide only muddled guidance on the proper standard for the advanceability of counterclaims.

Despite the parties' apparent agreement that a conflict may exist between *Zaman* and *Roven*, each side denies the existence of any material conflict when opposing their adversary's motion for an interlocutory appeal. Milso, for instance, argues that *Roven* and the later Court of Chancery decisions consistently hold that counterclaims must be compulsory to be advanceable. The real conflict, according

---

[16]   Pl.'s Mot. 12.

[17]   *Id.* at 13.

[18]   Milso relies on the following cases in addition to *Zaman*: *Paolino v. Mace Sec. Int'l, Inc.*, 985 A.2d 392 (Del. Ch. 2009); *Sun-Times Media Gp., Inc. v. Black*, 954 A.2d 380 (Del. Ch. 2008); and *Reinhard & Kreinberg v. Dow Chem. Co.*, 2008 WL 868108 (Del. Ch. Mar. 28, 2008). Milso further argues that the Supreme Court adopted *Zaman*'s narrower interpretation of *Roven* in *Baker v. Impact Holding, Inc.*, 2011 WL 2118979 (Del. May 26, 2011). This Court previously rejected the latter argument. Exceptions Op. at *6-7.

to Milso, is between "Pontone's own subjective interpretation of *Roven*" and the rest of Delaware precedent.[19] Conversely, Pontone stands by his argument that *Roven* controls, and that, at least as Pontone understands it, *Roven* forecloses Milso's position. As a result, Pontone contends that "[w]hether subsequent decisions misapply or reject such precedent does not create a conflict."[20]

Pontone and Milso each seek certification of an interlocutory appeal, but for different parts of the *Roven* standard. Taken together, the Court faces cross motions for certification of an interlocutory appeal that collectively seek clarification by the Supreme Court of the entire *Roven* test. When it serves their interests, both parties to this dispute recognize the existence of tension in the case law on this legal issue. Likewise, the Exceptions Opinion expressly acknowledged at least part of the potential conflict,[21] and the Reargument Opinion referenced the same possibility.[22] Based on these facts and circumstances, I conclude that the

---

[19]   Def.'s Opp'n 3.

[20]   Pl.'s Opp'n 11.

[21]   Exceptions Op. at *6 ("At the outset, however, I acknowledge that *Zaman* can be read to suggest a standard for the advancement of counterclaims that appears somewhat more restrictive than the standard used in *Roven*.").

[22]   Rearg. Op. at *2 ("Subsequent cases from the Court of Chancery potentially added an interpretive gloss on the Supreme Court's [*Roven*] standard.").

requirements of Supreme Court Rule 42(b)(i) are satisfied here by way of Rule 41(b)(ii), and that the parties before me, as well as corporate defendants and their directors and officers generally, would benefit from greater clarity on the issue of when counterclaims are advanceable.

This brings me to my final point. Both parties argue, as an alternative ground for meeting one of the five sub-criteria of Rule 42(b)(i)-(v), that an interlocutory appeal here would serve considerations of justice.[23] As with the previous issues, each party argues that certifying their own interlocutory appeal would serve the interests of justice, but certifying the other party's interlocutory appeal would not. Both parties highlight Delaware's public policy of promoting prompt resolution of disputes about advancement issues. They also snipe at the justifications proffered by their adversary and suggest that only their issues deserve interlocutory consideration.

In my view, the parties to this action have litigated to a conclusion a legal dispute as to the proper standard for determining when a counterclaim is advanceable, depending also, of course, on the language of the operative corporate documents. One side or the other may have a slightly stronger argument that only

---

[23]     Del. Sup. Ct. R. 42(b)(v).

their issue regarding one of the two prongs of the *Roven* standard merits an interlocutory appeal. If the *Roven* standard is to be considered on such an appeal, however, I am convinced that the interests of justice would be served best if both parties' issues were considered at the same time. Thus, I find that certifying this interlocutory appeal in fact would serve the interests of justice.

Advancement cases can be quite contentious, time-consuming, and expensive. A decision clarifying when counterclaims are advanceable would avoid unnecessary litigation and resolve at least some potential advancement disputes before they occur. As a practical matter, this problem seems capable of repetition, but easily could evade review because parties frequently settle these types of cases before completing a final and appealable accounting of the money owed in either direction at the indemnification phase. Thus, an interlocutory appeal may be the most effective method of ensuring resolution of the important questions the parties have moved to certify.

### III.   CONCLUSION

For the reasons stated in this Letter Opinion, I conclude that both parties have sustained their burdens of showing that the Exceptions Opinion and the Reargument Opinion satisfy the requirements of Supreme Court Rule 42 for an interlocutory appeal. Accordingly, I grant Pontone's motion, and Milso's

motion, for certification of an interlocutory appeal to the Supreme Court of Delaware from this Court's Opinion and Order of May 29, 2014, and September 3, 2014, constituting the Excluded Counterclaim Advancement Decision.

IT IS SO ORDERED.

Sincerely,

*/s/ Donald F. Parsons, Jr.*

Donald F. Parsons, Jr.
Vice Chancellor

DFP/ptp