# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| ITG BRANDS, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 2017-0129-AGB |
| ) | |
| REYNOLDS AMERICAN, INC. and ) | |
| R.J. REYNOLDS TOBACCO ) | |
| COMPANY, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| REYNOLDS AMERICAN, INC. and ) | |
| R.J. REYNOLDS TOBACCO ) | |
| COMPANY, ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ITG BRANDS, LLC, ) | |
| ) | |
| Counter-Defendant. ) | |

### REVISED ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT OR CERTIFICATION OF INTERLOCUTORY APPEAL

WHEREAS:

A. On July 15, 2014, Reynolds American Inc., the parent of R.J. Reynolds Tobacco Company (together, "Reynolds"), entered into an Asset Purchase Agreement (the "APA") with ITG Brands, LLC ("ITG Brands"). In the APA, Reynolds agreed to sell to ITG Brands four cigarette brands (the "Acquired Brands") for approximately $7.1 billion. The sale closed on June 12, 2015 (the "Closing").

B.    Under the APA, ITG Brands is obligated to use its reasonable best efforts to join settlement agreements with four states (Florida, Minnesota, Mississippi, and Texas) to assume Reynolds' existing settlement obligations with those states with respect to post-Closing sales of the Acquired Brands.  Reynolds' existing settlement with Florida is referred to hereafter as the "Florida Settlement Agreement."

C.    On January 18, 2017, the State of Florida sued Reynolds in Florida state court and filed a motion to join ITG Brands as a defendant in order to enforce the Florida Settlement Agreement against both Reynolds and ITG Brands.  Similar lawsuits were filed later in Minnesota and Texas.

D.    On February 17, 2017, ITG Brands filed this action asserting five claims for injunctive and declaratory relief against Reynolds concerning the sale of the Acquired Brands.  In those claims ITG Brands seeks:

- To enjoin Reynolds from suing ITG Brands in relation to the sale in any non-Delaware forum, under the exclusive forum provision in the APA.  (Count I)

- A declaratory judgment that ITG Brands satisfied its reasonable best efforts obligation to enter into the Florida Settlement Agreement with respect to the Acquired Brands.  (Count II)

- A declaratory judgment that ITG Brands did not assume any liability under the Florida Settlement Agreement.  (Count III)

- A declaratory judgment that Reynolds must indemnify ITG Brands for any liability imposed on it under the Florida Settlement Agreement.  (Count IV)

- A declaratory judgment that it has no obligation to indemnify Reynolds for any liability with respect to the Florida Settlement Agreement. (Count V)

E.    On November 30, 2017, after the filing of cross-motions for partial judgment on the pleadings, the court ruled in Reynolds' favor, finding that ITG Brands' obligation to use its reasonable best efforts to reach an agreement to join the Florida Settlement Agreement "did not terminate at the Closing and continues until ITG Brands actually has made reasonable best efforts to assume the annual payment obligations for post-Closing sales of the four cigarette brands it acquired from Reynolds."[1]  No appellate review of this ruling was sought.

F.    On September 28, 2018, Reynolds filed an amended pleading containing four counterclaims in which Reynolds seeks:

- A declaratory judgment that ITG Brands breached its reasonable best efforts to reach settlement agreements with Florida and Minnesota with respect to the Acquired Brands. (Counterclaim I)

- Specific performance of ITG Brands' obligation to use its reasonable best efforts to reach settlement agreements with Florida and Minnesota. (Counterclaim II)

- A declaratory judgment that ITG Brands assumed any post-Closing liability for Florida or Minnesota settlement payments in connection with the Acquired Brands. (Counterclaim III)

---

[1] *ITG Brands, LLC v. Reynolds Am., Inc.*, 2017 WL 5903355, at *2 (Del. Ch. Nov. 30, 2017).

3

- A declaratory judgment that ITG Brands is responsible for indemnifying Reynolds for any post-Closing settlement payments on the Acquired Brands under the Florida or Minnesota settlement agreements. (Counterclaim IV)

G.      On September 23, 2019, following a second round of cross-motions for partial judgment on the pleadings in this case, the court issued a memorandum opinion granting in part Reynolds' motion, but denying ITG Brands' motion (the "Opinion").[2]  The Opinion addressed two issues, only one of which ITG Brands discusses in its motion for entry of a partial final judgment or, in the alternative, certification of an interlocutory appeal (the "Motion").[3]

H.      The issue ITG Brands seeks to appeal concerns whether ITG Brands is entitled under the APA to demand, as a condition of joining the Florida Settlement Agreement, protection from making payments under an "equity fee" statute *if Florida were to enact such a statute in the future*.  Equity fee statutes impose fees on tobacco companies based on their cigarette sales to pay for health care costs in that state.  The other three states where ITG Brands is obligated to use its reasonable best efforts to assume Reynolds' settlement obligations (Minnesota, Mississippi, and

---

[2] *ITG Brands, LLC v. Reynolds Am., Inc.*, 2019 WL 4593495 (Del. Ch. Sept. 23, 2019).

[3] The other issue the court decided, which is not discussed in the Motion, is whether ITG Brands must indemnify Reynolds for the amount of a judgment a Florida state court entered against Reynolds Tobacco for approximately $93 million in unpaid settlement payments concerning post-Closing sales of the Acquired Brands.  The court denied the parties' cross-motions on this issue because they each had advanced reasonable interpretations of the APA that could lead to different results on this question.  *Id.* at *1.

4

Texas) subsequently enacted equity fee statutes but exempted Reynolds from them, thereby ensuring that it would not have to make double payments.[4]

I.     In the Opinion, the court granted Reynolds' motion for partial judgment on the pleadings to *partially* resolve its Counterclaim I, finding that the APA unambiguously does not entitle ITG Brands to demand protection from a hypothetical future equity fee statute as a condition to joining the Florida Settlement Agreement.

J.     On October 11, 2019, ITG Brands filed the Motion, to which Reynolds filed a response on October 21, 2019.

NOW THEREFORE, the court having considered the parties' submissions, IT IS HEREBY ORDERED, ADJUDGED, and DECREED this 31st day of October, 2019, as follows:

***Motion for Entry of Partial Final Judgment***

1.     Court of Chancery Rule 54(b) provides that "[w]hen more than 1 claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the Court may direct the entry of a final judgment upon 1 or more but fewer than all of the claims or parties only upon an express determination that

---

[4] *Id.* at *10.

there is not just reason for delay and upon an express direction for the entry of judgment."[5]

2.      Three criteria must be met in order for the court to grant an entry of a partial final judgment: "(1) the action involves multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally decided, and (3) . . . there is no just reason for delaying an appeal."[6]

3.      Entry of a partial final judgment is not warranted here because the court did not "finally decide" in the Opinion "at least one claim" or "the rights and liabilities of at least one party."

4.      The Opinion only decided one *subsidiary issue* concerning whether ITG Brands is entitled under the APA to demand protection from a hypothetical equity fee statute when seeking to join the Florida Settlement Agreement. This ruling would be relevant to adjudicating Count I or Counterclaim I—both of which seek declaratory relief as to whether ITG Brands used its reasonable best efforts to join the Florida Settlement Agreement—but would not be dispositive of either those claims (or any of the other seven claims in this case) because there are many other

---

[5] Ch. Ct. R. 54(b).

[6] *In re Tri-Star Pictures, Inc., Litig.*, 1989 WL 112740, at *1 (Del. Ch. Sept. 29, 1989).

factors that would be relevant to determining whether ITG Brands used its reasonable best efforts to join the Florida Settlement Agreement.[7]

5.     The Opinion also did not finally decide all of ITG Brands' rights and liabilities for purposes of this case.  As previously discussed, the Opinion only decided a single issue bearing on ITG Brands' rights and liabilities.  Many other issues concerning ITG Brands' rights and liabilities remain to be decided in this case.

6.     Because the Opinion did not finally decide any claim in this action and did not finally resolve all of ITG Brands' rights or liabilities for purposes of this case, ITG Brands' motion for entry of a partial final judgment is DENIED.

*Application for Certification of Interlocutory Appeal*

7.     As a general matter, "the purpose of [Supreme Court] Rule 42 is to prevent wasteful piecemeal litigation from overwhelming the docket of the Supreme Court."[8]  Accordingly, there is a strong presumption against granting a certification of interlocutory appeal if it will lead to piecemeal litigation.

8.     Supreme Court Rule 42 provides that an interlocutory appeal will not be certified "unless the order of the trial court decides a substantial issue of material

---

[7] The decision would not be dispositive of Counterclaim I for the additional reason that it seeks declaratory relief concerning whether ITG Brands used its reasonable best efforts to join the Minnesota settlement agreement as well as the one in Florida.

[8] *Stein v. Blankfein*, 2019 WL 3311227, at *1 (Del. Ch. July 23, 2019).

importance that merits appellate review before a final judgment."[9] An opinion decides a substantial issue of material importance if it decides "an issue that 'relate[s] to the merits of the case.'"[10] This court also has stated that "[a]s a general matter, issues of contract interpretation are not worthy of interlocutory appeal."[11]

9. Although the issue decided in the Opinion is simply one of contract interpretation based on the plain language of the APA, it is one of substantial material importance in my view because it resolves what appears to have been a major sticking point in ITG Brands' refusal to join the Florida Settlement Agreement for more than five years since ITG Brands entered into the APA.

10. Supreme Court Rule 42 further states that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal process of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[12] Rule 42 sets forth eight criteria that "the trial court should consider" when evaluating an interlocutory appeal.[13] As part of this rule, the "trial court should identify whether and why the likely benefits of interlocutory review outweigh the

---

[9] Sup. Ct. R. 42(b)(i).

[10] *Wenske v. Blue Bell Creameries, Inc.*, 2019 WL 4677378, at *2 (Del. Ch. Sept. 25, 2019) (quoting *Castaldo v. Pittsburgh-Des Moines Steel Co., Inc.*, 301 A.2d 87, 87 (Del. 1973)).

[11] *REJV5 AWH Orlando, LLC v. AWH Orlando Member, LLC*, 2018 WL 1109650, at *3 (Del. Ch. Feb. 28, 2018), *interlocutory appeal refused*, 182 A.3d 115 (Del. 2018).

[12] Sup. Ct. R. 42(b)(ii).

[13] Sup. Ct. R. 42(b)(iii).

probable costs," but "[i]f the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[14]

11. ITG Brands has argued that only one of the eight criteria in Rule 42(b)(iii) has been satisfied—the catchall criterion that "[r]eview of the interlocutory order may serve considerations of justice."[15]

12. Looking first to the benefit, granting certification presumably would provide the parties with a definitive answer on whether ITG Brands is entitled to demand protection from a hypothetical equity fee statute when negotiating to join the Florida Settlement Agreement.

13. On the other hand, ITG Brands' assertion that it will suffer "immediate and irreparable harm" in the absence of an appealable order on this issue is overblown.[16] ITG Brands' theory of harm assumes that Florida (i) will enact an equity fee statute sometime after ITG Brands joins the Florida Settlement Agreement and (ii) then withhold protection against double payments under that statute and the settlement even though each of the other relevant states (Minnesota, Mississippi, and Texas) provided that protection when enacting equity fee statutes. In other words, ITG Brands' assertion of harm is completely speculative.

---

[14] *Id.*

[15] Sup. Ct. R. 42(b)(iii)(H).

[16] Pl.'s Mot. ¶ 14.

14.     Additionally, given the numerous claims at issue in this action, and the pendency of collateral actions in three states (Florida, Minnesota, and Texas) that have prompted the parties to seek judicial relief in this case in fits and starts, granting an interlocutory appeal is likely to invite similar applications in the future as each of these litigations progress—contrary to the policy of this state against wasteful piecemeal litigation—and bog down the joinder process contemplated under the APA.  In that vein, the court is hard-pressed to understand how the issue decided in the Opinion here is more worthy of appellate review than the one decided two years ago in connection with the parties' first round of motions for partial judgment on the pleadings for which no appellate review was sought.[17]

15.     On balance, it is my opinion that the costs of allowing an interlocutory appeal of the issue decided in the Opinion outweighs its benefit.  Accordingly, ITG Brands motion for certification of an interlocutory appeal is DENIED.


                                    _____/s/ Andre G. Bouchard_____
                                    Chancellor

---

[17] As discussed above, the court decided in 2017 that ITG Brands' obligation to use its reasonable best efforts to reach an agreement to join the Florida Settlement Agreement "did not terminate at the Closing and continues until ITG Brands actually has made reasonable best efforts to assume the annual payment obligations for post-Closing sales of the four cigarette brands it acquired from Reynolds." *ITG Brands*, 2017 WL 5903355, at *2.