**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

January 29, 2021

Richard P. Rollo, Esquire
Travis S. Hunter, Esquire
Sarah A. Clark, Esquire
Robert B. Greco, Esquire
Angela Lam, Esquire
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE  19801

A. Thompson Bayliss, Esquire
Adam K. Schulman, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE  19807

Brad D. Sorrels, Esquire
Andrew D. Cordo, Esquire
Daniyal M. Iqbal, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE  19801

David J. Teklits, Esquire
Alexandra M. Cumings, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
Wilmington, DE  19801

Re:    *Riskin v. Burns et al.*, C.A. No. 2019-0570-KSJM

Dear Counsel:

The plaintiff has filed an application for certification of interlocutory appeal

on the following issue raised by my December 31, 2020 Memorandum Opinion:

Can a company's issuance of convertible preferred stock to a controlling

stockholder, pre-conversion, constitute economic dilution sufficient to support a

direct claim under *Gentile v. Rossette*, 906 A.2d 91 (Del. 2006).[1]  For the reasons discussed below, I am denying the application.

Delaware Supreme Court Rule 42 establishes the factors that this court must consider when determining whether to certify an interlocutory appeal.  Rule 42 permits certification when "the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[2]  If the "substantial issue" requirement is met, this court will then analyze whether "there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[3]

"The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters."[4]  A Rule 12(b)(6) motion to dismiss is a merits-based motion and is substantial in that respect, thus warranting a review of the Rule 42(b)(iii) factors.

---

[1] C.A. No. 2019-0570-KSJM, Docket ("Dkt.") 94, Mem. Op. at 30–36.  For convenience, this letter opinion uses the defined terms provided in the Memorandum Opinion.

[2] Supr. Ct. R. 42(b)(i).

[3] Supr. Ct. R. 42(b)(ii).

[4] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008); *accord. Castaldo v. Pittsburgh-Des Moines Steel Co.*, 301 A.2d 87, 87 (Del. 1973); *TowerHill Wealth Mgmt., LLC v. Bander Fam. P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008).

Of the Rule 42(b)(iii) factors, the plaintiff argues that two support his application: factor "B" concerning whether the "decisions of the trial courts are conflicting upon the question of law,"[5] and factor "H" concerning whether the "[r]eview of the interlocutory order may serve considerations of justice."[6]

Factor "B" supports the plaintiff's application. In the Memorandum Opinion, I relied on *Reith* and *Klein* for the proposition that the challenged preferred stock issuance did not conform to the transactional paradigm necessary to support a claim under *Gentile*.[7] The plaintiff contends that these cases and my ruling stand in conflict with a number of authorities.[8] I do not view the plaintiff's authorities as standing in direct conflict with my ruling.[9] They were all decided before *El Paso Pipeline GP Co. v. Brinckerhoff*,[10] which implicitly abrogated aspects of our law.[11]

---

[5] Supr. Ct. R. 42(b)(iii)(B).

[6] Supr. Ct. R. 42(b)(iii)(H).

[7] Mem. Op. at 33–36.

[8] *See id.* at 32–36; Dkt. 98, Pls.' Appl. for Interlocutory Appeal ¶¶ 12–20.

[9] *See* Dkt. 100, Defs.' Opp'n to Pl.'s Appl. for Certification of an Interlocutory Appeal ("Defs.' Opp'n") ¶¶ 9–14.

[10] 152 A.3d 1248, 1251 (Del. 2016).

[11] *See Sciabacucchi v. Liberty Broadband Corp.*, 2018 WL 3599997, at *10 (Del. Ch. July 26, 2018) (observing that "*El Paso* . . . implicitly rejected the reasoning of decisions such as . . . *Nine Systems*, which had extended *Gentile* to any dilutive issuance approved by a conflicted board"); *In re TerraForm Power, Inc. S'holders Litig.*, 2020 WL 6375859, at *14 n.185 (Del. Ch. Oct. 30, 2020) (citing *Sciabacucchi* for the same proposition) [hereinafter *TerraForm I*].

I acknowledge, however, that the *Gentile* doctrine is in flux and that our law could benefit from clarity concerning its continuing vitality.[12]  This factor, therefore, tips in the plaintiff's favor.

Factor "H" similarly supports the plaintiff's application.  On this point, I am persuaded by Vice Chancellor Glasscock's recent decision certifying interlocutory appeal in *TerraForm*.[13]  Because I cannot improve upon his words, I direct readers to that letter opinion.[14]  To quote a portion:

> [I]n light of case law questioning the continued vitality of *Gentile* at the trial court level, and in light of criticism at the Supreme Court level, I find it in the interest of justice that the matter be available for review by the Supreme Court at this Motion to Dismiss stage.[15]

The Vice Chancellor further observed that even if the appeal was unsuccessful, the appeal would still serve the interests of justice "by clarifying an area of law that appears to be in a state of flux."[16]

---

[12] *See TerraForm I*, 2020 WL 6375859, at \*13–14 ("*Gentile* has been much discussed, and often distinguished, in the case law . . . .  Post-*Gentile*, Delaware courts have struggled to define the boundaries of dual-natured claims. . . . *Gentile*'s limited application to controller transactions [is] not forgone or obvious." (formatting altered)).

[13] *In re TerraForm Power, Inc. S'holders Litig.*, 2020 WL 6889189 (Del. Ch. Nov. 24, 2020) [hereinafter *TerraForm II*].

[14] *Id.*; *see also Terraform I*, 2020 WL 6375859, at \*15 (denying motion to dismiss and discussing the "unsatisfying" aspects of this area of our law).

[15] *TerraForm II*, 2020 WL 6889189, at \*1.

[16] *Id.*

Although the plaintiff's two factors weigh in favor of certification, the defendants make persuasive arguments against this outcome. They observe, and rightly so, that the procedural posture of this action does not support interlocutory appeal. In *TerraForm*, the *Gentile* claim supplied the plaintiff's only basis for standing and thus the appeal had the potential to end the litigation. By contrast, in this case, I have concluded that the plaintiff may pursue his derivative claims for breach of fiduciary duty as to the challenged financing. At most, a successful interlocutory appeal would add back overlapping direct claims for the same alleged breaches of fiduciary duties.[17] Further complicating matters, this case is already proceeding piecemeal. The defendants' dismissal motions are not fully resolved, and I have granted the parties leave to submit supplemental briefs as to what issues remain.[18] Put simply, this a messy case on which it would be difficult to neatly tee up resolution of an issue related to an evolving area of law.

For these reasons, I find that the benefits of an interlocutory appeal do not outweigh the costs, and thus this is not the "rare exception" where interlocutory

---

[17] *See* Supr. Ct. R. 42(b)(iii)(G) ("[I]n deciding whether to certify an interlocutory appeal, the trial court should consider whether . . . [r]eview of the interlocutory order may terminate the litigation . . . .").

[18] *See* Dkt. 97, Letter from the Honorable Kathaleen St. J. McCormick Requesting Supplemental Briefing on Outstanding Issues Raised by Defs.' Mot. to Dismiss.

appeal is warranted.[19]    Despite the interesting issue it raised, the plaintiff's

application is DENIED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Vice Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[19] *See TerraForm II*, 2020 WL 6889189, at *1.