**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

NATIONAL UNION FIRE INSURANCE ) 
COMPANY OF PITTSBURGH, PA., )
 )
Plaintiff, )
 )
v. )
 ) C.A. No.: N22C-08-488 EMD CCLD
 )
FEDEX CORP., FEDEX GROUND )
PACKAGE SYSTEM, INC., GREAT )
AMERICAN INSURANCE COMPANY )
OF NEW YORK, and LIBERTY )
MUTUAL INSURANCE EUROPE )
LIMITED, )
 )
Defendants. )

Submitted: August 10, 2023
Decided: August 16, 2023

**ORDER REFUSING TO CERTIFY PLAINTIFF'S APPLICATION
FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

This 16th day of August, 2023, upon consideration of the Application for Certification to

the Delaware Supreme Court (the "Application")[1] filed by Defendants National Union Fire

Insurance Company of Pittsburgh, PA Company ("National Union") on July 31, 2023;

Defendants' Response in Opposition to Plaintiff's Application for Certification to the Delaware

Supreme Court (the "Opposition") filed by Defendants FedEx Corporation and FedEx Ground

Package Systems, Inc. (collectively, "FedEx"); the Court's Opinion[2] dated July 18, 2023 (the

"Opinion");[3] Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record:

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Opinion.
[2] D.I. No. 206.
[3] *National Union Fire Ins. Co. of Pittsburgh, PA v. FedEx Corp.,* 2023 WL 4623626 (Del. Super. July 18, 2023).

## I.      INTRODUCTION

1.      National Union filed its Complaint against FedEx and Defendants Great American Insurance Company of New York, and Liberty Mutual Insurance Europe Limited in this Court on August 30, 2022 (later amended on October 7, 2022) seeking a declaration that National Union was not obligated to indemnify FedEx for the post-judgment interest accrued in the underlying action.[4]

2.      On July 18, 2023, the Court issued an Opinion granting FedEx's motion to dismiss or stay.[5] The motion sought a dismissal or a stay based on comity and *forum non conveniens* due to the currently pending and more comprehensive Pennsylvania Action.[6]

3.      The Court determined that the present action should be stayed because the Pennsylvania Court already recognized that the Pennsylvania Action should proceed, despite the Pennsylvania Court's knowledge of the concurrency of the present action based on the same facts and substantially same parties.[7] The Court expressly held that "[t]he Court is staying this action solely on the grounds of comity."[8]

4.      The Court also provided a supplementary analysis of the *forum non conveniens* on the facts presented in the event that some issue arises in the Pennsylvania Action resulting in the lifting of the stay in the present action.[9] The *forum non conveniens* analysis was not the basis of the stay. Instead, the Court wanted the parties to understand the Court's analysis on *forum non conveniens* so it did not need to be re-litigated in the event the Pennsylvania Action, for whatever reason, could not proceed.

---

[4] D.I. Nos. 1, 19.
[5] D.I. No. 61.
[6] D.I. No. 30 ("Mot.").
[7] *National Union Fire Ins. Co. of Pittsburgh, PA,* 2023 WL 4623626, at *7-8.
[8] *Id*. at *8.
[9] *Id.* ("The Court has engaged in the additional analysis requested by the parties in the event some issue arises in the Pennsylvania Action that would warrant lifting the stay here.")

5.	The Court determined that a stay of the present action was appropriate in interest of comity and judicial efficiency, and in light of the contemporaneously filed Pennsylvania Action where the Pennsylvania Court ruled that the action should proceed.[10]

6.	On July 31, 2023, National Union filed the Application.

7.	The Application asserts a single legal question warranting certification for interlocutory appeal: "[w]hether a Delaware court may stay a pending lawsuit against two Delaware corporations in favor of a second-filed action in another forum (Pennsylvania) based solely on comity considerations, where the movant would *not* suffer overwhelming hardship litigating in Delaware *and* no considerations favor the foreign forum."[11]

8.	The Application also alleges that the stay effectively dismisses the lawsuit, which occurred "without any consideration of the merits" and contends that the Opinion "reflects a novel application of comity deference" that conflicts with Delaware caselaw.[12]

9.	On August 10, 2023, FedEx filed the Opposition.[13]

## II.	APPLICABLE STANDARD

10.	Supreme Court Rule 42(b)(i) provides that "[n]o interlocutory appeal will be certified by the trial court or accepted by [the Delaware Supreme] Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."  Rule 42(b)(ii) provides that instances where the trial court certifies an interlocutory appeal "should be exceptional, not routine, because [interlocutory appeals] disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."  For this reason, "parties should only ask for the right to seek interlocutory

---

[10] *Id.* at \*14-16.
[11] Pl's App. for Certification of Interlocutory Appeal ("App.") at 1-2 (emphasis in original).
[12] *Id.* at 2-3.
[13] D.I. No. 65.

3

review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[14]

11.     In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[15] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[16]  "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[17]

### III.     DISCUSSION

12.     Upon review of the Application, the Court finds that the Opinion does not decide a substantial issue of material importance that merits appellate review before a final judgment.[18] The Application also mischaracterizes the basis for the Court's decision to order a stay in the present action and overstates the limitations on the Court's discretionary authority to stay proceedings based on principles of comity.

---

[14] Del. Supr. Ct. R. 42(b)(ii).

[15] Del. Supr. Ct. R. 42(b)(iii) provides that the trial court should consider whether:
(A) The interlocutory order involves a question of law resolved for the first time in this State;
(B) The decisions of the trial courts are conflicting upon the question of law;
(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
(F) The interlocutory order has vacated or opened a judgment of the trial court;
(G) Review of the interlocutory order may terminate the litigation; or
(H) Review of the interlocutory order may serve considerations of justice.

[16] *Id.*

[17] *Id.*

[18] A substantial issue of material importance is one that "relate[s] to the merits of the case." *Castaldo v. Pittsburgh-Des Moines Steel Co., Inc.*, 301 A.2d 87, 87 (Del. 1973).

4

13. The Court's *forum non conveniens* analysis, offered to the parties only as supplemental analysis in the event some issue arises in the Pennsylvania Action warranting lifting the stay in the present action, was not the grounds for the Court granting the stay. The Opinion stayed the action "solely on the grounds of comity" in deference to the Pennsylvania Action. The Court did not stay this action on due to a finding of *forum non conveniens*. Furthermore, the Court's right to grant a stay is within the exclusive discretion of the Court, as inherent in every court, and flows from its control over the disposition of cases on its docket.[19]

14. Here, the Application puts forth three arguments as to why the Court should certify the interlocutory application. The Court finds that each of the arguments rely on the presumption that the stay was based on the *forum non conveniens* analysis and fails to present a substantial issue of material importance meriting appellate review at this stage of the proceedings.

15. First, the Application contends that the Opinion raises a substantial issue of material issue under Rule 42(b)(i) because the Opinion effectively deprives National Union of its chosen and proper forum by staying the present action in favor of a defendant's choice of forum.[20] The Application cites to *GXP Capital, LLC* to argue that a plaintiff's right "to have an action heard 'in a proper forum . . . meets the tests for appealability of an interlocutory order in this jurisdiction.'"[21]

16. Upon review of *GXP Capital, LLC*, the Court finds that the full context of the case undermines the arguments presented on this issue. The quote cited in the Application, with full context, reads: "Though the forum is, strictly speaking, immaterial to the merits of the

[19] *See, e.g., BHEP GP I, LLC v. Kentucky Retirement Sys.,* 2018 WL 3689310, at *1 (Del. 2018); *In re Bay Hills Emerging Partners I, L.P.*, 2018 WL 3545305, at *2 (Del. Ch. July 23, 2018).
[20] App. at 10.
[21] *Id.* (citing *GXP Capital, LLC v. Argonaut Mfg. Serv., Inc.*, 2020 WL 4464471, at *3 (Del. Super. Aug. 3, 2020)).

underlying case, Delaware courts oft treat *forum non conveniens* motions as satisfying this criterion because a party's right to have an action heard 'in a proper forum . . . meets the tests for appealability of an interlocutory order in this jurisdiction.'"[22] Again, this relates back to the issue of the Application's mischaracterization of the Court's *forum non conveniens* analysis to be the actual reasoning behind the stay. The Court does not find any additional arguments here evincing substantial issue of material issue applicable under Rule 42(b)(i).

17. Second, the Application contends that under Rule 42(b)(iii)(A), (B), and (H), the Opinion includes a novel ruling on a question of that which conflicts with other Delaware authority on the issue, and the review of the interlocutory order would serve considerations of justice.[23]

18. The Application argues that the Opinion includes a novel question of law as the Supreme Court has not previously addressed whether comity can "displace" the notion that plaintiff's choice of forum should not be defeated by a second-filed action by the defendant in a foreign jurisdiction. The Application relies on *McWane, Taylor,* and *Williams Natural Gas Co.* to contend that this action is the "ideal vehicle" to finally address that novel question. The Application then relies on a number of other Delaware authorities to argue that "comity considerations cannot supplant the *forum non conveniens* analysis."[24]

19. Once more, the arguments put forth here relies entirely on the notion that the stay was based on the Court's *forum non conveniens* analysis, and that the Court granted the stay despite the lack of overwhelming hardship on FedEx, and the neutral balancing of the *Cryo-Maid* factors. This is wrong. While the Court appreciates the abundance of Delaware authorities

---

[22] *GXP Capital, LLC*, 2020 WL 4464471, at *3 (emphasis added).
[23] App. at 10-12.
[24] *Id.* at 12.

offered by National Union in support of their arguments, upon review, each of the cases rely on the application or misapplication of *forum non conveniens*, not comity, and as such, inapposite. The Court does not find a substantial issue of material importance here which merits appellate review before a final judgment.

20.    Moreover, the Application is incorrect. Delaware Court have previously stayed actions on comity grounds even when Delaware was a proper forum.[25] The issue here is not novel.

21.    Lastly, the Application argues that interlocutory appeal is the "only avenue to review National Union's entitlement to its chosen forum" and that any burden that arises from having to litigate in both forums is a result of FedEx's choice to file suit in Pennsylvania.

22.    Here, Delaware courts need to determine whether review of an interlocutory order serves considerations of justice under Rule 42(b)(iii)(H) when the party applying for interlocutory review is in peril of irreparable harm and the other party is not.[26] A court should not certify an interlocutory appeal on a legal issue if there is "no particular urgency to litigating the issue before a final judgment" is entered, even if the issue is novel.[27] For example, such urgency exists if denying an injunction would effectively terminate a parties' rights under an agreement or create hardship to a party outside its control.[28] National Union will not suffer any irreversible prejudice if they are forced to litigate the same issues in Pennsylvania, instead of Delaware.

---

[25] *See BHEP GP I, LLC,* 2018 WL 3689310, at *1; *In re Bay Hills Emerging Partners I, L.P.*, 2018 WL 3545305, at *2.

[26] *See DG BF, LLC v. Ray*, 2020 WL 4720685, at *2 (Del. Aug. 13, 2020) (Affirming Court of Chancery's finding that considerations of justice did not support certification when one party would face irreparable harm from denying certification and one party would face irreparable harm from approving certification).

[27] *In re: Shawe & Elting LLC*, 2016 WL 279400, at *1 (Del. Jan. 22, 2016).

[28] *See Tracker Marine, L.L.C. v. Pena*, 2017 WL 3124440, at *1 (Del. Jul. 24, 2017)

23.     National Union argues that review of the Opinion may serve considerations of justice and outweigh probable costs. The Court does not believe that certification would promote the most efficient and just schedule to resolve this case. "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[29] This case is not exceptional, nor does it involve a substantial issue of material importance.

24.     "If the balance [of these considerations] is uncertain, the [Court] should refuse to certify the interlocutory appeal."[30] Accordingly, the Court finds that National Union has not met Rule 42's strict standards for certification.

## CONCLUSION

**IT IS HEREBY ORDERED** that certification to the Supreme Court of the State of Delaware for interlocutory appeal in accordance with Rule 42 is **REFUSED.**

Dated:  August 16, 2023
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServXpress

---

[29] Del. Supr. Ct. R. 42(b)(ii).
[30] Del. Supr. Ct. R. 42(b)(iii).

8