## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | C.A. No. N23M-04-138 CLS |
| TRINIDAD NAVARRO, in this official capacity as Delaware Insurance Commissioner, | ) ) ) ) ) | |
| Respondent. | ) ) | |

Date Submitted: August 17, 2023
Date Decided: August 28, 2023

*Upon Movant's Application for Certification of Interlocutory Appeal.* **DENIED.**

## ORDER

David J. Soldo, Esquire, Eric J. Monzo, Esquire, and Sarah M. Ennis, Esquire, Morris James LLP, Wilmington, Delaware, 19801, Attorneys for Petitioner, The Roman Catholic Diocese of Brooklyn, New York.

Kathleen P. Makowski, Esquire, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for Respondent, the Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware and the Delaware Department of Insurance.

Michael W. Teichman, Esquire, and Madeline S. Carlson, Esquire, Parkowski, Guerke & Swayze, P.A., Dover, Delaware, 19904, Attorneys for Intervenor, Arrowood Indemnity Company.

**SCOTT, J.**

1

## Background

On July 27, 2023, this Court entered an Order denying Arrowood Indemnity Company's ("Movant") Motion to Intervene. Movant filed an Application for Certification of an Interlocutory Appeal on August 7, 2023, which was amended, as requested by this Court, on August 10, 2023. The Roman Catholic Diocese of Brooklyn, New York, ("Petitioner") responded on August 17, 2023.

## Parties' Contentions

Movant identifies two factors of Supreme Court Rule 42 that are relevant to its application. First, is Subparagraph (b)(iii)(A) of Rule 42, discussing the order involving a question of law resolved for the first time in this State. Movant explains it sought to intervene for the purpose of moving to dismiss Petitioner's Petition, which demanded, for the first time in the history of Delaware courts, to have the Delaware Superior Court compel the Delaware Insurance Commissioner to commence a receivership action in the Delaware Court of Chancery. Movant asserts this question – whether and the extent to which the remedy of mandamus is appropriate for this purpose – has never been addressed by Delaware courts. Second factor relevant to its application is Subparagraph (b)(iii)(H) of Rule 42, identifying review of the interlocutory order may serve considerations of justice. Movant argues the Petitioner seeks to have the Commissioner institute proceedings in the Court of Chancery intended to terminate Movant's very existence. Movant asserts that for

this Court to refuse to give Movant an opportunity to be heard in this litigation – in essence forcing it to stand aside and watch as others decide its fate – is a manifest injustice, and at this point in the proceedings, an interlocutory review of the Court's Order is the only way to rectify this manifest injustice. For these reasons, Movant believes review of the Court's Order will thus serve considerations of justice.

Petitioner, in addressing Movant's argument regarding its existence being terminated if Movant is not permitted to intervene, argues such argument is unfounded because Arrowood fails to allege facts that the Commissioner is unable to fulfill his job. Further Petitioner argues Interlocutory review is also unwarranted because Arrowood continues to fail to "allege facts that its interest in the Petition is indisputable or [] point to any evidence or make any allegation which would prevent the Commissioner from protecting its interest."[1] The Application presents no evidence or facts to counter the Court's correct conclusion that, "[w]hen the Commissioner is appointed as a receiver, he is charged with preventing further damage to an insurer, protecting the remaining assets to pay the protentional claims of policyholders and creditors."[2] The Application fails to allege facts that the Commissioner is incapable of fulfilling his job.[3] Additionally, Petitioner counters

---

[1] See Order ¶ 9.
[2] *Id.* ¶ 5.
[3] See *Cohen v. State ex rel. Stewart*, 89 A.3d 65, 93 (Del. 2014) ("the Commissioner is charged with preventing further damage to an insurer and

3

Movant's argument about the appropriateness of mandamus in this proceeding and it being an issue never addressed by Delaware Courts by arguing Delaware courts have decided cases concerning mandamus requests upon the Insurance Commissioner. Petitioner explains that Movant's potential motion practice in this proceeding is not required to resolve the material question here of whether liquidation by the Commissioner is appropriate to protect Movant's policyholders. It is Petitioner's position that this issue may and can be resolved without Movant, and between the existing parties, and as such the application should be denied.

## **Standard of Review**

Delaware Supreme Court Rule 42 sets forth the criteria for certifying an interlocutory appeal.[4] The rule states that "[n]o interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[5] Further, "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can

---

protecting the remaining assets to pay the potential claims of policyholders and creditors.").
[4] See Supr. Ct. R. 42.
[5] Supr. Ct. R. 42 (b)(i).

4

threaten to exhaust scarce party and judicial resource."[6] The trial court considers the following factors when deciding whether to certify an interlocutory appeal:

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
> (B) The decisions of the trial courts are conflicting upon the question of law;
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which has decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
> (G) Review of the interlocutory order may terminate the litigation; or
> (H) Review of the interlocutory order may serve considerations of justice.[7]

Only after the Court considers these factors "and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of the interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[8]

---

[6] Supr. Ct. R. 42 (b)(ii).
[7] Supr. Ct. R. 42 (b)(iii).
[8] *Id.*

5

**Discussion**

As an initial matter, the Court must determine if the Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[9] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided go to the merits of the case.[10] The interlocutory order must establish a legal right to be appealable.[11] "A legal right is discernable when one of the parties' rights has been enhanced or diminished as a result of the order."[12]

Movant contends that the Order decided a substantial issue because "by denying the right of Arrowood to become a party to this proceeding, the Court has established important legal rights (or the lack thereof as to Arrowood)." This argument misunderstands the concept of substantial issue of material importance and fails to establish a substantial issue. In following Movant's line of reasoning, every

---

[9] Supr. Ct. R. 42(b)(i).

[10] *Id.*

[11] *Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520, 521 (Del. 1969) ("[A]s to the appealability of interlocutory orders ... to be appealable, there must have been the determination of a substantial issue and the establishment of a legal right." (citation omitted)); accord *Castaldo v. Pittsburgh-Des Moines Steel Co., Inc.*, 301 A.2d 87, 87 (Del. 1973) ("The oftrepeated test of the appealability of an interlocutory order is that it must determine a substantial issue and establish a legal right.").

[12] *Northrop Grumman Innovation Sys. V. Zurich Am. Ins. Co.*, 2021 WL 772312, at *3 (Del. Super. Mar. 1, 2021), appeal refused sub nom. *Nat'l Union Fire Ins. Co. v. Northrop Grumman Innovation Sys.*, 248 A.3d 922 (Del. 2021) (TABLE) (internal quotation marks and citation omitted).

decision denying intervener by the Court would establish important legal rights. This is not so.

But even if the Order established, or removed, a "substantial right" within the meaning of Rule 42(b)(i), the Court must also balance the factors raised by Rule 42(b)(iii).[13] Movant maintain that the application meets the criteria set forth in Rule 42(b)(iii)(A), and (H). The Court, for the reasons set forth below, does not find that these two (of eight) factors warrant granting his certification request when considering the totality of the circumstances.[14]

Movant invoked Rule 42(b)(iii)(A). This factor considers whether the Order resolved a novel question of law for the first time in Delaware. Movant argues to have the Delaware Superior Court compelling the Delaware Insurance Commissioner to commence a receivership action in the Delaware Court of Chancery is a novel question of law. Unfortunately, Movant's argument misunderstands the purpose of an interlocutory appeal. The Order Movant is appealing only relates to intervention, not the underlying action.[15] Therefore,

---

[13] Supr. Ct. R. 42(b)(iii) ("After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, [the Court] should identify whether and why the likely benefits ... outweigh the probable costs, such that interlocutory review is in the interests of justice.").

[14] See Del. Supr. Ct. R. 42(b) (2016) ("If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal.").

[15] Cf. Dep't of Nat. Res. & Env't Control v. Cuppels, 236 A.3d 365 (Del. 2020) (Where a couple filed a motion to intervene in an action between Department of

argument relating to whether and the extent to which the remedy of mandamus is appropriate for this purpose is improper and not relevant to certification of this appeal. Accordingly, Rule 42(b)(iii)(A) does not support certification.

The Court should find that review of an interlocutory order serves considerations of justice under Rule 42(b)(iii)(H) when the party applying for interlocutory review is in peril of irreparable harm and the other party is not.[16] A court should not certify an interlocutory appeal on a legal issue if there is "no particular urgency to litigating the issue before a final judgment" is entered, even if the issue is novel.[17] For example, such urgency exists if denying an injunction would effectively terminate a parties' rights under an agreement or create hardship to a party outside its control.[18] The Movants will not suffer any irreversible prejudice if

Natural Resources & Environmental Control and a poultry processing plant for improper disposal because couple claimed they suffered property damage and personal injuries because of the improper disposal. The Supreme Court addressed that Superior Court acknowledged the interlocutory appeal raised an issue of first impression. This issue of first impression related to statutory interpretation, which is not at issue in this case.).

[16] See *DG BF LLC v. Ray*, 2020 WL 4720685, at *2, 237 A.3d 70 (Del. Aug. 13, 2020) (Affirming Court of Chancery's finding that considerations of justice did not support certification when one party would face irreparable harm from denying certification and one party would face irreparable harm from approving certification). See also *Ace Am. Ins. Co. v. Rite Aid Corp.*, No. 339,2020 (Del. Dec. 1, 2020).

[17] *In re: Shawe & Elting LLC*, 2016 WL 279400, at **1, 131 A.3d 325 (Del. Jan. 22, 2016).

[18] See *Tracker Marine, L.L.C. v. Pena*, 2017 WL 3124440, at *1, 169 A.3d 353 (Del. Jul. 24, 2017).

they are not permitted to intervene because their interests are protected by the Insurance Commissioner and have failed to give this Court any meaningful explanation as to why the Insurance Commissioner is incapable of protecting their interest. Accordingly, Rule 42(b)(iii)(H) does not support certification.

Movants argue that review of the Order may serve considerations of justice and outweigh probable costs. The Court does not believe that certification would promote the most efficient and just schedule to resolve this case. "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[19] This case is not exceptional, nor has Movant established it involves a substantial issue of material importance.

Additionally, this case closely mimics the facts in *Eastern Alliance Ins. Co. v. Henry*.[20] In *Henry*, an employee was injured in an accident while operating a motor vehicle in the course of his employment and received workers' compensation benefits for the injuries.[21] The employee received proceeds from the third-party tortfeasor's insurance provider and filed suit in Superior Court to recover from the insurance companies that provided underinsured motorist coverage to him and his

---

[19] Del. Supr. Ct. R. 42(b)(ii).
[20] *All. Ins. Co. v. Henry*, 254 A.3d 396 (Del. 2021).
[21] *Id.* at *1.

employer.[22] The plaintiff's employer and its workers' compensation carrier moved to intervene, and the Court denied their motion.[23] The employer and its workers' compensation carrier filed an interlocutory appeal, which was untimely.[24] However, the Delaware Supreme Court noted that even if it were timely, the facts presented would not warrant interlocutory review.[25] The court explained, "Exceptional circumstances that would merit interlocutory review of the decision of the Superior Court do not exist in this case, and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal."[26] The court found the Superior Court's denial of the employer and its workers' compensation carrier motion to intervene in employee's suit against insurance companies that provided underinsured motorist coverage to him and his employer did not provide an exceptional circumstance that would merit interlocutory review. Therefore, the Court's denial of Movant's motion to intervene in a policyholder's action against the Insurance Commissioner to commence proceedings to place Movant into liquidation also would not provide an exceptional circumstance that would merit interlocutory review.

---

[22] *Id.*
[23] *Id.*
[24] *Henry*, 254 A.3d at *2.
[25] *Id.*
[26] *Id.*

## Conclusion

Therefore, on this 28th day of August 2023, Movant having made an application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated July 27, 2023; and the Court having found that none of the strict criteria of Supreme Court Rule 42(b)(iii) apply;

**IT IS SO ORDERED** that certification to the Supreme Court of Delaware for disposition in accordance with Rule 42 of the Court is hereby **DENIED**, the Court declines to certify the interlocutory appeal.

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

11